IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00374-BNB

STEVEN LAMONTE STANLEY,

    Applicant,

v.

WARDEN:  DANIELS,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Steven Lamonte Stanley, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at United States Penitentiary in Florence, Colorado.  He initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  Mr. Stanley has paid the $5.00 filing fee.  *See* ECF No. 5.

On March 5, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Stanley to show cause within thirty days why this action should not be dismissed because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court.  In the March 5 order, Magistrate Judge Boland warned Mr. Stanley that the application would be denied and the action dismissed without further notice if he failed to show cause within the time allowed.  Mr. Stanley has failed to show cause as directed within the time allowed, or otherwise to communicate with the Court in any way.  For the reasons stated below, the application will be denied.

Mr. Stanley is attacking the validity of his federal conviction and sentence. According to www.pacer.psc.uscourts.gov (Public Access to Court Electronic Records), he was convicted in the United States District Court for the Eastern District of Virginia in *United States v. Stanley*, No. 00-cr-00344-1 (E.D. Va. July 30, 2001), on one count of conspiracy to use and carry firearms pursuant to 18 U.S.C. § 924 during and in relation to the crime of car-jacking and a 240-month federal sentence was imposed. He appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed. *See United States v. Young*, 34 Fed. App'x 934 (4th Cir. May 22, 2002) (not published). On October 7, 2002, the United States Supreme Court denied certiorari review. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

In his application, Mr. Stanley contends he is actually innocent, and seeks an evidentiary hearing and reduction of his 240-month sentence. In the March 5 order to show cause, Magistrate Judge Boland pointed out that the purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed

2

the sentence, rather than by the court in the district where the prisoner is confined."
*Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam).  A habeas corpus application pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255."  *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam).  "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."  *Johnson*, 347 F.2d at 366.  Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances."  *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

In his application, Mr. Stanley failed to demonstrate that the remedy available to him pursuant to § 2255 was inadequate or ineffective.  As Magistrate Judge Boland explained in the show-cause order, the fact that the sentencing court denied without prejudice Mr. Stanley's motion to extend the time to file § 2255 motion does not mean that the remedy provided in § 2255 is inadequate or ineffective.  *See Williams*, 323 F.2d at 673.  Furthermore, the fact that Mr. Stanley likely is barred from raising his claims in a motion pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective.  *See Caravalho*, 177 F.3d at 1179.  Therefore, Magistrate Judge Boland ordered Mr. Stanley to show cause why this action should not be denied because he has an adequate and effective remedy pursuant to § 2255.

As previously stated, Mr. Stanley has failed, within the time allowed, to show cause as directed or otherwise to communicate with the Court in any way.  Therefore, the § 2241 application will be denied, and this action dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Stanley files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application pursuant to 28 U.S.C. § 2241 is denied and the action dismissed because Applicant, Steven Lamonte Stanley, has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Virginia, the sentencing court. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this   16th   day of      April      , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court